# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.                                                     **CRIMINAL ACTION NO. 1:06CR19-1**

**GREGG ANTHONY BYRD,**

**Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 16th day of July, 2007, the Court convened a hearing on Defendant's Motion to Suppress the Search of the Motor Vehicle in Which Mr. Byrd was Traveling and to Dismiss Count One of the Indictment and Motion to . . . Continue . . . Trial [Docket Entries 59 and 57, respectively]. Present were Defendant; Mark E. Schamel, Defendant's counsel; David Anderson, Defendant's local counsel; and Zelda Wesley, Assistant United States Attorney. The Court GRANTED Defendant's Motion to Continue in Part [see Docket Entry 58] and the District Judge GRANTED Defendant's Motion to Continue Trial [see Docket Entry 70]. Therefore Defendant's Motion to Enlarge Scheduling Order and Continue Motions Deadline, Motions Hearing and Trial [Docket Entry 57] has been **GRANTED** in this matter.

The Court heard arguments as to the Defendant's motion to suppress and determined additional time was needed by counsel to explore evidence, the possible testimony of witness(es) and/or issues relative to the motion. The Court ruled that a continued hearing on Defendant's motion to suppress would be scheduled for conclusion. The undersigned inquired as to which dates counsel was available. Defendant's counsel asserted he was available on July 25 and 26, 2007, but he preferred the hearing be scheduled for continuation for July 25, 2007.

The Court heard Defendant's counsel's motions for a continuance of the trial date and granted same. The Court solicited and obtained dates counsel would be available for trial.

Also on July 16, 2007, the Court entered an Order scheduling the conclusion of the hearing on the Defendant's Motion to Suppress the Search of the Motor Vehicle in Which Mr. Byrd was Traveling AND Motion to dismiss Count One for Wednesday, July 25, 2007, at 12:00 p.m. [Docket Entry 64].

On July 25, 2007, at noon, the Court reconvened the hearing on Defendant's motion to suppress and to dismiss Count One. Defendant appeared, in person, and David Anderson, local counsel for Defendant was present. Mark E. Schamel, Defendant's lawyer, did not appear. Assistant United States Attorney Zelda E. Wesley was present.

The Court inquired of Mr. Anderson if he was prepared to cross examine the Government's witness and Mr. Anderson responded that he was not adequately prepared to do the same. The Court noted that under L.R.Gen.P. 83.02, the responsibility of the local attorney shall be as set forth in Rule 8.0(c) of the Rules for Admission to Practice, as adopted by the Supreme Court of Appeals of West Virginia. Rule 8.0(c) provides, in pertinent part, that: "The local attorney shall be required to sign all pleadings and affix the attorney's West Virginia State Bar ID number thereto, to attend all hearing, trial or proceedings actually conducted before the judge, tribunal or other body of the State of West Virginia . . . . The local attorney shall further attend the taking of depositions and other actions that occur in proceedings which are not actually conducted before the judge . . ., and shall be a responsible attorney in all other respects." The Court, thereupon, took the testimony of the Government's witness, First Trooper Craig Miller. Local counsel cross examined the witness. During questioning by the Court, Defendant objected. The Court left open any cross examination

necessitated by the witness' responses to the Court's questions and instructed Defendant's counsel to initiate a conference call within one week with the Court and the Assistant United States Attorney to schedule a time and date for further proceedings on Defendant's motion to suppress and to dismiss, specifically such cross examination of Trooper Miller by Mr. Schamel as is necessitated by the witness' responses to the Court's questions. The Court then informed counsel that the final pretrial conference was rescheduled before The Honorable Irene M. Keeley on October 19, 2007, at 1:00 p.m., and the trial was rescheduled for November 5, 2007, at 9:30 a.m.

Subsequent to the second hearing the parties informed the Court that a plea agreement had been reached between Defendant and the United States, and requested the Court take no further action on Defendant's Motion to Suppress and Motion to Dismiss Count One.

On September 20, 2007, Defendant entered into a written plea agreement with the United States. Notably, the plea is to Count Four of the Indictment, not Count One, and there is also a stipulation in the agreement stating that the parties stipulate and agree that the total relevant conduct of the defendant is between 150 and 500 grams of crack cocaine. The undersigned notes there is no reservation of right to appeal regarding the search that was the issue in the motion to suppress and motion to dismiss. On the same date, pursuant to the written plea agreement, Defendant entered a guilty plea to Count Four of the indictment.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge finds and **RECOMMENDS** that Defendant's Motion to Suppress the Search of the Motor Vehicle in Which Mr. Byrd was Traveling and to Dismiss Count One of the Indictment [Docket Entry 59] be **DENIED AS MOOTED** by the subsequent entry into a plea of guilty to Count Four of the Indictment.

Further Defendant's Motion too Enlarge Scheduling Order and Continue Motions Deadline, Motions Hearing and Trial [Docket Entry 57] has been GRANTED by prior orders of the Court.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Court Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit a copy of this Report and Recommendation to counsel of record.

DATED: September 25, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE